1   The Honorable Robert S. Lasnik

2

3

4

5

6

7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    AT SEATTLE
8

9   LANCE P. McDERMOTT,                    )
                                           )
10              Plaintiff,                 )   **NO. C09-776-RSL**
                                           )
11       v.                                )   **DEFENDANTS'**
                                           )   **MOTION TO DISMISS**
12                                         )   **PURSUANT TO RULE 12(b)(1)**
    JOHN P. POTTER, Postmaster General     )   **AND RULE 12(b)(6)**
13  United States Postal Service, et. al., )
                                           )
14              Defendant.                 )   (Noted for Consideration on
                                           )   August 28, 2009, Pursuant to
15  _____)  Local Rule 7(d)(3)).

16

17                    **I.  INTRODUCTION**

18         Plaintiff is an employee of the United States Postal Service.  This is the fifth action

19  he has filed in this Court attempting to challenge various Postal Service policies and

20  practices.[1]  Here, Plaintiff attempts to challenge the alleged closure of the SeaTac Air

21  Mail Center and alleged outsourcing of Postal jobs.  He seeks to compel the production of

22  an approved Area Mail Processing Plan, which he alleges directed the closure of the Air

23  Mail Center.  He further alleges that the Postal Service officials made false statements,

24  acted with reckless disregard for the truth, and made false representations regarding the

25  Area Mail Processing Plan, and seeks to bring a claim of misrepresentation.  Finally, he

26

27         [1] See McDermott v. US Postal Service, CV05-00860-RSL; McDermott v. US Postal Service,
    CV06-1335-MJP; McDermott v. US Postal Service, CV07-1174-JLR/United States Postal Service
28  Privacy Act Litigation, 08-md-1937-JLR; McDermott v. John Potter, CV08-1846-JCC

DEFENDANTS' MOTION TO DISMISS                                    UNITED STATES
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 1                  ATTORNEY
(C09-776-RSL)                                                   700 STEWART STREET
                                                                SUITE 5220
                                                                SEATTLE, WASHINGTON 98101
                                                                (206) 553-7970

1   seeks to challenge the Postal Service's alleged outsourcing of jobs in connection with the

2   alleged closure of the Air Mail Center.

3        This Court lacks jurisdiction to review Plaintiff's claim to compel the production

4   of documents under the Freedom of Information Act ("FOIA"), because he failed to

5   exhaust his administrative remedies by filing a proper request for documents with the

6   Postal Service.  The Court also lacks jurisdiction to compel the disclosure of documents

7   under the Administrative Procedures Act ("APA"), because Congress specifically

8   exempted the Postal Service from the judicial review provisions of the APA.

9   Furthermore, the Court lacks jurisdiction to review Plaintiff's misrepresentation claim

10  because he failed to comply with the administrative claim requirements of the Federal

11  Tort Claims Act ("FTCA"), and the misrepresentation exception to the FTCA would bar

12  Plaintiff's claim even if he had exhausted his administrative remedies.

13       Plaintiff lacks standing to challenge Postal Service decisions regarding the alleged

14  closure of the Air Mail Center or the outsourcing of Postal jobs, because he has failed to

15  allege an injury in fact.  Even if he could establish standing, Plaintiff has failed to identify

16  a substantive legal framework of federal law that would allow him to bring these claims

17  in this Court.  Furthermore, even if there were a substantive legal framework, the Postal

18  Reorganization Act ("PRA") preempts challenges to Postal Service regulations and

19  administrative decisions and employment-related claims, from being brought in Federal

20  District Court.  Thus, Plaintiff's claims must be dismissed for lack of jurisdiction, and in

21  the alternative, failure to state a claim.

22                     **II.  STANDARD OF REVIEW**

23  **I.      Subject Matter Jurisdiction**

24       A complaint must be dismissed under Fed.R.Civ.P. 12(b)(1) if, considering the

25  factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise

26  under the Constitution, laws, or treaties of the United States, or does not fall within one of

27  the other enumerated categories of Article III, Section 2 of the Constitution; (2) is not a

28  case or controversy within the meaning of the Constitution; or (3) is not one described by

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 2
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    any jurisdictional statute.  Baker v. Carr, 369 U.S. 186, 198 (1962); D.G. Rung Indus.,

2    Inc. v. Tinnerman, 626 F.Supp. 1062, 1063 (W.D.Wash. 1986); see 28 U.S.C. §§

3    1331(federal question jurisdiction) and 1346 (United States as defendant).  When

4    considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the court is not

5    restricted to the face of the pleadings, but may review any evidence to resolve factual

6    disputes concerning the existence of jurisdiction.  McCarthy v. United States, 850 F.2d

7    558, 560 (9th Cir. 1988), Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th

8    Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff

9    establishes otherwise.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th

10   Cir. 1989).  Therefore, the plaintiff bears the ultimate burden of proving the existence of

11   subject matter jurisdiction.  Stock West, 873 F.2d at 1225; Thornhill Publ'g Co., Inc. v.

12   Gen. Tel. & elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Once a defendant challenges

13   the facts underlying the jurisdictional allegations in a complaint based on evidence

14   outside the pleadings, the plaintiff bears the burden of establishing, by affidavits or other

15   evidence, that subject matter jurisdiction does in fact exist.  St. Clair v. City of Chico, 880

16   F.2d 199, 201 (9th Cir. 1989).

17       **II.    Failure to State a Claim**

18           A complaint should be dismissed for failure to state a claim upon which relief can

19   be granted if it appears beyond a doubt that the plaintiff can prove no set of facts in

20   support of the claim that would entitle him to relief.  Love v. United States, 915 F.2d

21   1242, 1245 (9th Cir. 1990).  All allegations of material fact are taken as true and

22   construed in the light most favorable to the nonmoving party.  Associated Gen.

23   Contractors v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998).  Conclusory

24   allegations of law and unwarranted inferences, however, are insufficient to defeat a

25   motion to dismiss.  Id.  A court can dismiss an action under 12(b)(6) where the plaintiff

26   fails to allege either a cognizable legal theory or sufficient facts in support of a

27   congnizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

28   1990).  While a complaint need not contain detailed factual allegations, a plaintiff's

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 3
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  obligation to provide the grounds entitling him to relief requires more than mere labels

2  and conclusions, and a formulaic recitation of the elements of a cause of action will not

3  do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007)

4  (citations omitted).  The complaint must plead "enough facts to state a claim to relief that

5  is plausible on its face."  Id.

6  ## III.  ARGUMENT

7  ### I.      The Court Lacks Jurisdiction Over Plaintiff's FOIA Claim.

8       Plaintiff seeks to compel the production of an approved Area Mail Processing Plan

9  under the FOIA (Dkt. #1, pg. 3).  He claims that he attended a "Labor/Management

10 meeting" on March 27, 2009, in order to get a copy of "the approved Area Mail

11 Processing Plan" (Dkt. #1, pg. 21).  He states that he asked to see a copy of the plan, that

12 allegedly directed the closure of the SeaTac Air Mail Center, at the beginning and end of

13 the meeting, but never received a copy (Dkt. #1, pg. 22).  Plaintiff alleges that has

14 exhausted all administrative procedures get the information (Dkt. #1, pg. 3), but he has

15 failed to show that he complied with any of the administrative requirements to formally

16 request the production of Postal Service documents pursuant to the FOIA.

17      A plaintiff seeking information under the FOIA has a duty to exhaust his

18 administrative remedies before invoking federal court review.  See United States v.

19 Steele, 799 F.2d 461, 465-66 (9th Cir. 1986).  Where a plaintiff has failed to exhaust

20 within the administrative system, the district court will dismiss the case for lack of

21 jurisdiction.  Id.  To satisfy this exhaustion requirement, a plaintiff "must request specific

22 information in accordance with published administrative procedures, see 5 U.S.C.

23 § 552(a)(1), (2) & (3), and have the request improperly refused...."  Id. at 466.

24      The published administrative procedures for the Postal Service require a request

25 for information under the FOIA to be submitted in writing to the custodian of the official

26 record, if known, or to the Manager, Records Office, U.S. Postal Service, 475 L'Enfant

27 Plaza SW, Washington, DC 20260, telephone (202) 268-2608.  39 C.F.R. § 266.6(a)(1).

28


UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Requests submitted to the Office of Inspector General should be submitted to the

2    Freedom of Information Act/Privacy Officer, Office of Inspector General, 1735 North

3    Lynn Street, Arlington, Virginia, 22209-2020.  Id.  Inquiries should be clearly marked,

4    "Privacy Act Request."  Id.

5         Plaintiff has failed to show that he filed a proper request for information with the

6    Postal Service under the FOIA.  Plaintiff's request for documents from a presenter at a

7    meeting does not satisfy the jurisdictional requirements of administrative exhaustion (Dkt.

8    #1, pg. 21-22).  Thus, this Court lacks jurisdiction over any claim to compel the

9    production of documents under the FOIA.

10   **II.    The Court Lacks Jurisdiction Over Plaintiff's APA Claim.**

11        Plaintiff also asks the Court to compel the production of the approved Area Mail

12   Processing Plan under the APA, 5 U.S.C. § 702 (Dkt. #1, pg. 39).  But Plaintiff cannot

13   bring APA claims against the Postal Service, because Congress specifically exempted the

14   Postal Service from the judicial review provisions of the APA.

15        The APA allows Congress to override its judicial review provisions.  Its judicial

16   review provisions apply "except to the extent that .... statutes preclude judicial review."

17   5 U.S.C. § 701(a).  The PRA is a statute that precludes judicial review of Postal Service

18   activities.  The PRA states that "no Federal law dealing with public or Federal contracts,

19   property, works, officers, employees, budgets, or funds, including the provisions of

20   chapters 5 and 7 of title 5 [i.e. the APA administrative procedures and judicial review

21   provisions], shall apply to the exercise of the powers of the Postal Service."  39 U.S.C.

22   § 410(a).

23        This Court has specifically held that, "[e]ven though the APA, 5 U.S.C. § 706,

24   generally subjects agency actions to judicial review, the PRA specifically exempts the

25   Postal Service from such review."  Currier v. Henderson, 190 F.Supp.2d 1221, 1228

26   (W.D.Wash. Jan. 30, 2002) (aff'd by Currier v. Potter, 379 F.3d 716 (9th Cir. 2004)).

27   The Ninth Circuit affirmed the Court's decision stating "...the PRA provides that various

28   forms of federal law, including the APA, that normally apply to government entities do

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 5
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    not apply to the [Postal] Service." <u>Currier</u>, 379 F.3d at 725 (*citing* 39 U.S.C. § 410(a)).

2    The Ninth Circuit further held that the Postal Service is exempt from the APA's general

3    mandate of judicial review of agency actions.  <u>Id.</u>

4      This Court reiterated this finding in a prior action brought by Plaintiff.  In

5    <u>McDermott v. U.S. Postal Serv.</u>, the Court stated, "[i]ndeed, Congress specifically

6    exempted the Postal Service from Chapters 5 and 7 of the Administrative Procedure Act,

7    which would otherwise subject Postal Service actions to judicial review." <u>McDermott v.</u>

8    <u>U.S. Postal Serv.</u>, 2006 WL 2473493 *3 (W.D. Wash. Aug. 28, 2006) (<u>citing</u> 39 U.S.C.

9    § 410(a) and <u>Pitney Bowes, Inc. v. U.S. Postal Serv.</u>, 27 F.Supp.2d 15, 20-21 (D.D.C.

10   1998)).  Thus, Plaintiff's claims against the Postal Service cannot be brought under the

11   APA.

12   **III. <u>The Court Lacks Jurisdiction Over Plaintiff's Misrepresentation</u>**
     **<u>Claim.</u>**

13

14     Plaintiff alleges that "[t]he form of this ligation [sic] is *Misrepresentation* by

15   United States Postal Service (USPS) Officials concerning the concealment of facts,

16   failure to disclose the facts, telling half truths, and the issuance of false statements

17   concerning the Area Mail Processing Plan. . . ." (Dkt. #1, pg. 1).  He alleges that Postal

18   Service officials acted with "complete reckless disregard for the truth" and made false

19   representations.  <u>Id.</u>  Although Plaintiff does not cite the FTCA in his complaint, tort

20   claims brought against the Postal Service are governed by the provisions of the FTCA. 39

21   USC § 409(c).  And Plaintiff has failed to comply with the administrative requirements to

22   pursue a tort claim under the FTCA.

23     The Postal Service enjoys sovereign immunity absent a specific waiver.  <u>See U.S.</u>

24   <u>Postal Serv., v. Flamingo Indus.</u>, 540 U.S. 736, 744 (2004).  In general, the FTCA waives

25   the Postal Service's immunity when its employees act negligently within the scope of

26   their official duties.  <u>See</u> 39 U.S.C. § 409(c); 28 U.S.C. § 1346(b)(1).  But a court lacks

27   subject matter jurisdiction to hear a claim against the Postal Service under the FTCA if

28   the plaintiff has not exhausted his administrative remedies.  <u>See</u> 28 U.S.C. § 2875(a); <u>see</u>

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 6
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  also Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).  The administrative claim

2  requirement mandates that a plaintiff present a claim to the appropriate federal agency

3  within two years of the date it accrues.  Staple v. United States, 740 F.2d 766, 768 (9th

4  Cir. 1984); see also Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).  The

5  administrative claim requirement is jurisdictional and must be strictly adhered to because

6  the FTCA waives sovereign immunity and any such waiver must be strictly construed in

7  favor of the United States.  See Brady, 211 F.3d at 501 (*citing* Jerves v. United States,

8  966 F.2d 517, 521 (9th Cir. 1992)).  When no administrative claim has been filed with the

9  appropriate administrative agency, a district court is without jurisdiction to hear the case,

10  and dismissal for lack of subject matter jurisdiction is mandated.  Suarez, 22 F.3d at 1065.

11       Here, Plaintiff has failed to show that he filed an administrative claim for

12  misrepresentation with the Postal Service, and properly exhausted his administrative

13  remedies with respect to any tort claim he may have against the Postal Service.  Thus, this

14  Court lacks jurisdiction to hear a claim for misrepresentation.

15       Even if Plaintiff had exhausted his administrative remedies, the misrepresentation

16  exception to the FTCA bars suits based on negligent as well as deliberate

17  misrepresentations, United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d

18  614 passim (1961), whether based on "false statements or a failure to provide information

19  which [the government] had a duty to provide," Green v. United States, 629 F.2d 581,

20  584-85 (9th Cir. 1980).  Thus, even if Plaintiff could establish that he exhausted his

21  administrative remedies, his misrepresentation claim would still be barred.

22  **IV.  The Court Lacks Jurisdiction Over Plaintiff's Challenge to Postal**

**Service Decisions Regarding the Closing of Facilities.**

23

24       Plaintiff seeks to challenge the Postal Service's decisions regarding the alleged

closure of the Air Mail Center in SeaTac, Washington.  He argues that the Postal Service

25  did not give proper notice, hold a public meeting, perform a feasibility study, or have an

26  approved Area Mail Processing Plan (Dkt. #1, pg. 23).

27

28



UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A. Standing**

Plaintiff lacks standing to challenge the Postal Service's decision regarding the alleged closing of the Air Mail Center, because he has failed to allege an injury in fact. The only injury Plaintiff alleges with respect to this claim is that "concealing the information about closing the Air Mail Center has injured me and the public's right to be informed and interest protected." (Dkt. #1, pg. 36).

The Supreme Court has established the minimum constitutional requirements for standing as: (1) the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The party invoking federal jurisdiction bears the burden of establishing standing. Id. at 561.

The Ninth Circuit has repeatedly held that federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action, before a federal court may assume jurisdiction.  See Owen v. Mulligan, 640 F.2d, 1130, 1132 (9th Cir. 1981); U.S. v. City of Pittsburgh, California, 661 F.2d 783, 786 (9th Cir. 1981) (A plaintiff must allege a distinct and palpable injury to himself to possess standing); Rivas v. Rail Delivery Serv., Inc., 423 F.3d 1079, 1082 n.1 (9th Cir. 2005) (For a plaintiff to bring a claim on his own behalf, he must show that he has suffered some actual or threatened injury as a result of defendants' conduct and that a decision in plaintiff's favor is likely to redress the injury.).  Generalized concerns in seeing that certain procedures are followed, does not confer standing.  See Lujan, 504 U.S. at 572-78.  Similarly, an interest in seeing that the law is obeyed, is also too abstract to confer standing.  See L. Singer & Sons v. Union Pacific R. Co., 311 U.S. 295, 303 (1940).

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 8
(C09-776-RSL)

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Here, Plaintiff has failed to demonstrate any actual or threatened injury with regard

2    to his claims that Postal Service officials did not give proper notice, hold a public

3    meeting, perform a feasibility study, or have an approved Area Mail Processing Plan

4    before allegedly closing the Air Mail Facility (Dkt. #1, pg. 23).  This case is similar to the

5    prior cases Plaintiff has brought in this Court, where he has sought to challenge various

6    Postal Service activities, but has failed to show that he was directly harmed or suffered an

7    injury as a direct result of the alleged wrongs.  In <u>McDermott v. US Postal Service</u>, 2006

8    WL 2473493 *2 (W.D.Wash., Aug. 28, 2006), this Court found that "[a] generalized

9    concern that defendant's alleged failure to tell the truth and comply with security and

10   procedural rules will adversely affect the health and well-being of the postal system,"

11   does not justify a lawsuit in federal court.  And in <u>McDermott v. United States Postal</u>

12   <u>Service</u>, 2007 WL 777520 (W.D.Wash., March 12, 2007), Judge Pechman found that

13   "[n]othing in Plaintiff's original complaint demonstrates anything other than the most

14   generalized harm to himself from the claimed activity.

15   Thus, Plaintiff has failed to identify any specific injury in fact, or harm to himself,

16   that has occurred as a result of his claims regarding the alleged closure of the SeaTac Air

17   Mail Center.  He simply has not suffered any financial damages or other specific harms,

18   and there is no injury to establish standing to bring these claims in federal district court.

19   **B.  Substantive Legal Framework**

20   Even if Plaintiff could establish standing, he has failed to identify a substantive

21   legal framework to challenge the Postal Service's decision regarding the alleged closure

22   of the Air Mail Center.  Plaintiff asserts jurisdiction under 28 U.S.C. § 1331, and also

23   cites 39 U.S.C. § 409(a) (Dkt. #1, pg. 2, 24, 37).  While § 1331 and § 409(a) give the

24   district courts general jurisdiction over cases involving the Postal Service, they do not

25   purport to create a cause of action of their own force, and are not enough to confer subject

26   matter jurisdiction.  <u>See Flamingo Indus.</u>, 540 U.S. at 744 (*citing* <u>F.D.I.C. v. Meyer</u>, 510

27   U.S. 471 (1994)).  Plaintiff must cite a substantive framework of law that imposes

28


UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   non-tort obligations against the Postal Service.  Id.; see also Currier, 379 F.3d at 724;

2   Janakes v. U.S. Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985).

3        Plaintiff cites a plethora of statutes, regulations, acts, policies, handbooks,

4   manuals, and other authorities; none of which create a substantive legal framework for

5   Plaintiff to challenge decisions regarding the closure of Postal facilities.  The closest

6   Plaintiff comes is by citing 39 U.S.C. § 404(d), which establishes procedures the Postal

7   Service must follow in closing a post office (Dkt. #1, pg. 24).  But § 404(d) itself does not

8   explicitly provide for a cause of action against the Postal Service.  And Plaintiff has failed

9   to cite any provision of law that creates a private right of action for violations of § 404(d).

10   See Heartland Inc., v. U.S. Postal Serv., 2008 WL 1711406 * 2 (W.D.Va., April 11,

11   2008).

12        Furthermore, § 404(d) provides administrative procedures for appealing a decision

13   made under that section.  A determination of the Postal Service to close or consolidate

14   any post office may be appealed by any person served by such office to the Postal

15   Regulatory Commission within 30 days after such determination is made available to

16   persons served by such post office.  See 39 U.S.C. § 409(d)(5).  First, there is no evidence

17   that a decision was in fact made under § 404(d).  Second, there is no evidence that

18   Plaintiff is a person served by served by such office so that he can appeal a closure

19   decision.  And third, there is no evidence Plaintiff exhausted his administrative appeal

20   rights to the Postal Regulatory Commission, before seeking to file suit in this Court.  See

21   39 U.S.C. § 404(d); see also Heartland, 2008 WL 1711406 *2.

22        Finally, Plaintiff has failed to show that the PRA contains an implied right of

23   action to challenge Postal Service decisions regarding the closing of Postal facilities

24   under § 404(d).  See Currier, 379 F.3d at 724 (citing Cort v. Ash, 422 U.S. 66, 78 (1975)).

25   Thus, Plaintiff has failed to identify a substantive legal framework of federal law for this

26   Court to assume jurisdiction over his purported challenge to the alleged closure of the Air

27   Mail Facility, and these claims must be dismissed.

28

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 10
(C09-776-RSL)

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C. Congressional Intent**

Even if Plaintiff could point to a substantive legal framework to support Plaintiff's challenge to Postal Service decisions surrounding the alleged closure of the Air Mail Facility, there is congressional intent in the PRA to preclude judicial review of challenges to Postal Service regulations and administrative decisions made thereto.[2]  Plaintiff relies on § 409(a) and § 1331 for jurisdiction.  But both of these general jurisdiction conferring statutes, as well as the waiver of sovereign immunity in § 401, can be delimited by implied exceptions when it is clearly shown that it was plainly the purpose of Congress to use the sue and be sued clause in a narrow sense, or when certain types of suits are inconsistent with the statutory scheme.  Franchise Tax, 467 U.S. at 518-19; Active Fire Sprinkler Corp. v. United States Postal Serv., 811 F.2d 747, 752 (2d Cir. 1987); Janakes, 768 F.2d at 1093; Currier, 190 F.Supp.2d at 1225-26 (Noting that Janakes dealt with general subject matter jurisdiction under § 409(a), whereas Franchise Tax dealt with the waiver of sovereign immunity under the sue and be sued clause at § 401(1), but both led to an inquiry into congressional intent).

In Currier, the Ninth Circuit noted that the Supreme Court has liberally construed the sue-or-be-sued clause in the PRA, but at the same time, the PRA provides that various forms of federal law, including the APA, that normally apply to government entities do not apply to the Postal Service.  Currier, 379 F.3d at 724.  It held that "[g]iven this statutory backdrop, we are satisfied that the PRA evinces Congress's general intent to withdraw judicial scrutiny of postal regulations."  Id.

In the underlying decision in Currier, this Court explained that the Postal Service is clearly not an ordinary profit-seeking commercial enterprise, and still retains the public service features of a governmental agency.  Currier, 190 F.Supp.2d at 1227.  The Postal Service is not to be motivated solely by profit but "shall have as its basic function the

---

[2] Note that this exact argument has been fully briefed and argued and is currently pending before the Honorable James L. Robart in a pending case where Plaintiff is a named Plaintiff, and which involves a challenge to Postal Service regulations authorizing the creation of co-branded products.  See United States Postal Service Privacy Act Litigation, 08-md-1937-JLR.

1   obligation to provide postal services to bind the Nation together through the personal,

2   education, literary, and business correspondence of the people." Id. (quoting 39 U.S.C.

3   § 101(a)).  Under these principles, this Court held that there was no waiver of immunity,

4   no substantive legal basis, and no jurisdiction for private claims based upon Postal

5   Service regulations.  Id.  Any other resolution would fly in the face of congressional

6   intent to allow the Postal Service to operate without excessive constraints.  Id.

7         A similar analysis was undertaken in Pitney Bowes when a plaintiff sought to

8   challenge the Postal Service's regulations governing the Computerized Remote Meter

9   Resetting System ("CRMRS"), which the plaintiff operated.  Pitney Bowes, 27 F.Supp.2d

10  at 20. The Court, ruling against the plaintiff, held that "[a]n examination of the applicable

11  statutes reveals congressional intent to remove the power of judicial review over the

12  Postal Service's regulations."  Id. (citing Booher v. United States Postal Serv., 843 F.2d

13  943 (6th Cir. 1998)).  The Court further held, "[o]n its face, then, the language of the

14  statute is clear.  No Federal law, including the APA, shall apply to the Postal Service's

15  exercise of power.  The court holds that this proscription encompasses judicial review of

16  the promulgation and substance of [Postal Service] regulations."  Id. at 21.

17        This Court also issued a similar decision in a previous case brought by Plaintiff.  In

18  McDermott v. United States Postal Serv., 2006 WL 2473493 (W.D.Wash., Aug. 28,

19  2006), Plaintiff sought to challenge a Postal Service regulation in the Administrative

20  Support Manual authorizing a $15 charge whenever an electromechanical access control

21  badge is lost by an employee.  Id. at *3.  The Court found that despite the sue-or-be-sued

22  clause in the PRA, Congress intended to preclude judicial review of employee-related

23  rule-making procedures.  Id.  The Court noted that the Postal Service is authorized to

24  "adopt, amend, and repeal such rules and regulations as it deems necessary to accomplish

25  the objectives of this title."  Id. (citing 39 U.S.C. § 401(2)).  It also noted that the Postal

26  Service is specifically exempted from most federal laws dealing with "contracts, property,

27  works, officers, employees, budgets, or funds."  Id. (citing 39 U.S.C. § 410(a)).  The

28  Court noted that Congress provided Postal employees with notice and review rights for

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 12
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  significant adverse employment actions taken for the "efficiency of the service," but

2  chose not to incorporate provisions of the Civil Service Reform Act ("CSRA") that would

3  have allowed employees to challenge lesser employment actions or significant adverse

4  employment actions taken in response to unacceptable job performance.  Id. (citing 5

5  U.S.C. §§ 7501 et seq., 2301 et seq., and 4301 et seq.).

6  　　　　Thus, the Court held, "[g]iven that the PRA, based on the specific inclusions and

7  exclusions described above, deprives employees of the right under Chapter 43 of the

8  CSRA to appeal momentous agency action such as a reduction in grade, it seems

9  implausible that Congress would want to allow employees to file lawsuits over procedural

10 disputes and/or the amount the Postal Service charged to replace a lost security badge."

11 Id.  The Court further held that Congress designed the PRA "to free postal management

12 from entangling red tape and to concentrate management authority so as to provide an

13 efficient and economical postal system."  Id. at *4 (citing Governors of the U.S. Postal

14 Serv. v. U.S. Postal Rate Comm'n, 654 F.2d 108, 109 (D.C.Cir. 1981)).  In light of this

15 purpose, the very few instances in which Congress has authorized judicial review of

16 Postal Service actions, and the inapplicability of other statutes that might have authorized

17 judicial review, the Court found that the text and structure of the PRA reveal a

18 congressional intent to preclude judicial review of the Postal Service's regulations.  Id.

19 　　　　Furthermore, several courts have held that administrative decisions made pursuant

20 to Postal Service regulations are non-reviewable because, among other things, Congress

21 granted the Postal Service extensive authority to carry out its functions, and also

22 specifically exempted the Postal Service from the APA.  See e.g. Unicover Corp. v.

23 United States Postal Serv., 859 F.Supp. 1437, 1444-45 (D.Wy., 1994) (no jurisdiction to

24 challenge administrative decisions concerning creation of philatelic rarities); Morris v.

25 Runyon, 870 F.Supp. 362, 368-69 (D.D.C., 1994) (no jurisdiction to challenge

26 distribution of error sheets) (citing Protestants and Other Americans United for

27 Separation of Church and State v. O'Brien, 272 F.Supp. 712, 713 (D.D.C.1967), rev'd on

28 other grounds, Protestants and Other Americans United for Separation of Church and

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 13
(C09-776-RSL)

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  State v. Watson, 407 F.2d 1264 (D.C.Cir.1968) (administrative discretion of the

2  Postmaster General in selecting designs for postage stamps is nonreviewable); Tedesco v.

3  U.S. Postal Serv., 553 F.Supp. 1387, 1388 (W.D.Penn., Jan. 17, 1983) (no jurisdiction

4  exists to review the Postal Service's decisions in determining where to establish post

5  offices); Shelby Resources, Inc. v. United States Postal Serv., 619 F.Supp. 1546, 1548-49

6  (S.D.N.Y.1985) (a challenge to Postal Service delivery schedules was not judicially

7  reviewable); Westwood Promotions, Inc. v. United States Postal Serv., 718 F.Supp. 690,

8  692-94 (N.D.Ill.1989) (there is no judicial review of the grant or denial of postage

9  refunds); Concept Automation, Inc. v. U.S. Postal Serv., 887 F.Supp. 6, 8 (D.D.C. 1995)

10  (no jurisdiction to review Postal Service's decisions whether to award contracts).

11      Thus, there is congressional intent to preclude challenges to Postal Service

12  regulations and administrative decisions thereto.  Decisions regarding the closure of

13  Postal facilities are made pursuant to Postal Service regulations, 39 U.S.C. § 404(d), and

14  are non-reviewable, except to the extent provided in the regulation.  Thus, the general

15  jurisdiction conferring statutes of § 409a and § 1331 are preempted by the PRA, and

16  Plaintiff's challenges to the alleged closure of the Air Mail Facility should be dismissed.

17  **V.      The Court Lacks Jurisdiction Over Plaintiff's Challenge to the Alleged**
   **        Outsourcing of Postal Jobs.**

18
   
19      Plaintiff claims that Postal Service officials "use of false, fictitious, and fraudulent

    means to force the early retirement of federal employees" and seeks a review of the Postal
20
    Service's personnel reduction/retirement program and the outsourcing of core postal
21
    functions to non-federal retirement fund paying contractors (Dkt. #1, pg. 36, 40).
22
23  **A.  Standing**

24      Plaintiff lacks standing to pursue claims regarding the alleged outsourcing of

    Postal jobs, because he has failed to allege an injury in fact.  As noted above, Plaintiff
25
    must allege a distinct and palpable injury to himself to possess standing.  See City of
26
    Pittsburgh, 661 F.2d at 786.  Here, Plaintiff has failed to demonstrate any actual or
27
    threatened injury with regard to his claims that Postal Service officials used "false,
28



UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   fictitious, and fraudulent means to force the early retirement of federal employees" (Dkt.

2   #1, pg. 36).  Plaintiff does not allege that he was forced into early retirement.  Or that the

3   Postal Service officials' alleged actions resulted in an injury in fact or an invasion of a

4   legally protected interest.  Thus, because Plaintiff has failed to identify any specific injury

5   in fact, or harm to himself, that has occurred as a result of his claims regarding the alleged

6   forcing of early retirement of other employees, he lacks standing to bring these claims.

7       **B.  Substantive Legal Framework**

8          Plaintiff has failed to identify a substantive legal framework to challenge the

9   Postal Service's decisions regarding the alleged outsourcing of Postal jobs.  Plaintiff cites

10  29 U.S.C. § 1132(e), and argues that the ERISA provides jurisdiction to review actions

11  that affect a federal retirement fund (Dkt. #1, pg. 2).  Plaintiff is wrong.  ERISA does not

12  apply to an employee benefit plan if such plan is a governmental plan.  See 29 U.S.C.

13  § 1003(b)(1); Silvera v. Mutual Life Ins. Co. of N.Y., 884 F.2d 423, 425 (9th Cir. 1989).

14  ERISA defines "governmental plan" as "a plan established or maintained for its

15  employees by the Government of the United States, by the government of any State or

16  political subdivision thereof, or by any agency or instrumentality of any of the foregoing."

17  29 U.S.C. § 1002(32).

18         The USPS has two retirement programs - Civil Service Retirement System

19  ("CSRS") and the Federal Employees Retirement System ("FERS").  See 39 U.S.C.

20  § 1005(d)(1).  The ERISA does not apply to these federal retirement programs.  Seeger v.

21  Office of Personnel Management, 243 F.3d 565 (C.A.Fed., 2000).  And Plaintiff has

22  failed to establish that he is the beneficiary of an ERISA-covered plan that does not fall

23  under the governmental plan exception.  As such, ERISA cannot provide the substantive

24  legal framework for his challenge to the alleged outsourcing of Postal jobs.  And Plaintiff

25  has failed to identify any other substantive legal framework to support these claims.

26      **C.  Comprehensive Labor Relations Scheme**

27         Even if Plaintiff could identify a substantive legal framework to challenge the

28  alleged outsourcing of Postal jobs, the labor-relations scheme in the PRA prohibits Postal

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 15
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Service employees from bringing employment-related claims in federal court.[3]  While the

2   PRA gave district courts broad jurisdiction over Postal Service matters, Congress did not

3   give them exclusive jurisdiction over its disputes.  Lemay v. U.S. Postal Serv., 540 F.3d

4   797, 799 (8th Cir. 2006).  The jurisdiction seemingly conferred by § 401 and § 409 of the

5   PRA, may be preempted when another, precisely drawn, detailed statute places

6   jurisdiction elsewhere.  Id.  The PRA itself sets forth "a comprehensive scheme governing

7   employment relations within the Postal Service."  39 U.S.C. §§ 1001-11, 1202-09; see

8   also Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).

9       The PRA establishes a specific procedure to address Postal employee grievances

10   regarding matters affecting their conditions of employment through their Collective

11   Bargaining Agreements ("CBA").  The PRA does not adopt Chapter 71 of the Civil

12   Service Reform Act, which pertains to other federal employees' grievances.  See 39

13   U.S.C. § 410(a); Horner v. Schuck, 843 F.2d 1368, 1371 (Fed. Cir. 1988); Burke v. U.S.

14   Postal Serv., 888 F.2d 833, 834 (Fed.Cir. 1989).  Instead, the PRA limits Postal

15   employees to the grievance procedure in the CBAs negotiated pursuant to the PRA.  See

16   39 U.S.C. §§ 1206 and 1209.

17       Apart from the grievance procedure in the CBAs, the PRA expressly authorizes

18   federal subject matter jurisdiction for lawsuits against the Postal Service in only three

19   instances.  See 39 U.S.C. § 1208 (a), (b), and (c).[4]  Plaintiff's claims do not fall under any

20   of the three express provisions in the PRA authorizing suit by employees against the

21   Postal Service.  And Plaintiff has failed to demonstrate that there is an implied private

22   right of action in the PRA.  See Currier, 379 F.3d at 725 (citing Cort v. Ash, 422 U.S. 66,

23   78 (1975).  Indeed, courts have held that there is no private right of action in the PRA for

24

25       [3] Note that this exact argument has been fully briefed and argued and is currently pending
    before the Honorable James L. Robart in a pending case where Plaintiff is a named Plaintiff and
26   is attempting to challenge employment-related claims.  See United States Postal Service Privacy
    Act Litigation, 08-md-1937-JLR.
27

28       [4] The PRA also provides that the Postal Service is subject to several other laws, which
    may create an independent basis for federal subject matter jurisdiction, including the Privacy
    Act, 5 U.S.C. 522a.  See 39 U.S.C. § 410(b).

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 16
(C09-776-RSL)

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    federal review of non-adverse personnel decisions.  See Harper v. Frank, 985 F.2d 285,

2    289 (6th Cir. 1993) (citing United States v. Fausto, 484 U.S. 439, 443 (1988)).

3         Plaintiff has attempted to assert employment-related claims in this Court before.

4    In McDermott v. United States Postal Service, 2007 WL 777520 (W.D.Wa., March 12,

5    2007), he alleged that the Postal Service was violating its administrative regulations

6    relating to nepotism, sexual harassment, promotion procedures, and gifts.  He also

7    asserted various allegations of discrimination.  Id. at *1.  Judge Pechman found that there

8    was no private right of action for Plaintiff's labor-related complaints.  Outside of any

9    statutory exceptions, the language of the PRA operates to exclude from the broad grant of

10   federal subject matter jurisdiction the grievance claims of Postal employees, limiting them

11   instead to the remedies under their CBAs.  Id. at *2 (citing 39 U.S.C. §§ 1206 and 1209).

12   The Court further noted that unless otherwise mandated by statute, Postal Service actions

13   are not reviewable as violations of federal law.  Id. at *3 (citing Harper, 985 F.2d at 285;

14   Pitney Bowes, 27 F.Supp.2d at 20).

15        Here, Plaintiff's allegations pertaining to the alleged forcing of early retirement

16   and outsourcing of Postal jobs are employment-related claims.  He argues that Postal

17   Service officials used false reasons to "contract the work to contractors who are not

18   paying into the Federal Retirement."  He argues this caused more retired employees to

19   draw on the fund and injures the employees who are paying into the fund (Dkt. #1, pg.

20   36).  These claims are based on Postal Service employees' employment relationship with

21   the Postal Service and the retirement fund available to Postal Service workers.  Thus, they

22   are employment-related claims that are precluded by the employment-relations scheme in

23   the PRA.

24   **VI.    Plaintiff Has Failed to State a Claim Against the Individual**
            **Defendants.**

25

26        Plaintiff named two individual Postal Service employees as Defendants: Don

27   Jacobus, Seattle Processing and Distribution Manager; and Katherine Nash, Seattle

28   District Manager.  These Defendants are not named in the caption of the complaint, but in

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 17
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   the section entitled "parties" (Dkt. #1, pg. 2).  But Plaintiff's claims cannot be maintained

2   against Mr. Jacobus or Ms. Nash in their individual capacities.

3          An individual may sue a federal employee for damages under  Bivens v. Six

4   Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  But in order to

5   maintain a Bivens action in federal court, a plaintiff must show that a federal employee

6   violated one of the plaintiff's established Constitutional rights.  See Maraziti v. First

7   Interstate Bank, 953 F.2d 520, 523 (9th Cir. 1992).  Here, Plaintiff has failed to allege any

8   constitutional violation by Defendants Jacobus or Nash.

9          To the extent Plaintiff seeks to bring his claims under the FOIA, the only proper

10  defendants in a FOIA case are executive departments, military departments, government

11  corporations, and other entities within the executive branch of the federal government.

12  See 5 U.S.C. § 552(f)(1).  The FOIA does not allow a plaintiff to obtain money damages

13  from agency employees in their individual capacities.  See Thompson v. Walbran, 990

14  F.2d 403, 405 (8th Cir. 1983).

15         And to the extent Plaintiff seeks to bring his claims under the FTCA, the only

16  proper federal defendant in a civil action under the FTCA is the United States of

17  America.  See 28 U.S.C. § 2679(b)(1).  Thus, Plaintiff has failed to identify any

18  substantive basis to bring his claims against the individual named Defendants.

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6) - 18
(C09-776-RSL)

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**IV.  CONCLUSION**

2          WHEREFORE, for the reasons set forth above, Defendants respectfully request

3    that the claims against them be dismissed with prejudice.

4          DATED this 6th day of August, 2009.

5

6                                        JEFFREY C. SULLIVAN
                                         United States Attorney

7
                                          s/ Kristin B. Johnson
8                                        KRISTIN B. JOHNSON, WSBA# 28189
                                         Assistant United States Attorney
9                                        700 Stewart Street, Suite 5220
                                         Seattle, WA  98101-1271
10                                       Telephone No.:  (206) 553-7970
                                         Fax No.:  (206) 553-4067
11                                       E-mail:  kristin.b.johnson@usdoj.gov
                                         Attorney for the US Postal Service
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       CERTIFICATE OF SERVICE

2           The undersigned hereby certifies that she is an employee in the Office of the

3   United States Attorney for the Western District of Washington, and is a person of such

4   age and discretion as to be competent to serve papers;

5           It is further certified that on August 6, 2009, I electronically filed the Defendants'

6   Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) and the [Proposed] Order

7   Granting Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6)

8   with the Clerk of the Court using the CM/ECF system, which will send notification of

9   such filing to the following CM/ECF participant(s):

10          -0-

11          I further certify that on August 6, 2009, I mailed by United States Postal Service

12  the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) and the

13  [Proposed] Order Granting Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and

14  Rule 12(b)(6) to the following non-CM/ECF participant(s)/CM/ECF participant(s),

15  addressed as follows:

16          Lance P McDermott
            1819 So 104 St
17          Seattle, WA 98168

18
            DATED this 6th day of August, 2009.
19

20

21           s/ Dung Phan_____
            DUNG PHAN, Legal Assistant
22          United States Attorney's Office
            700 Stewart Street, Suite 5220
23          Seattle, Washington 98101-1271
            Phone: 206-553-7970
24          Fax:   206-553-4073
            E-mail: dung.t.phan@usdoj.gov

25

26

27

28

UNITED STATES
ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970