1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

LANCE P. McDERMOTT,

10          Plaintiff,

11       v.

12   JOHN E. POTTER, *et al.*,

13          Defendants.

14

Case No.  C09-0776RSL

ORDER DENYING MOTION
TO AMEND AND GRANTING
MOTION TO DISMISS

15

16        This matter comes before the Court on plaintiff's motion to amend his complaint and

17   defendants' motion to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and

18   12(b)(6).  Plaintiff, who is proceeding *pro se*, challenges a decision by the United States Postal

19   Service ("USPS") to close the SeaTac Air Mail Center and allegedly outsource USPS jobs.

20   Plaintiff is a USPS employee who seeks to compel the production of an approved area mail

21   processing plan and asserts claims under the Freedom of Information Act, ("FOIA"), the

22   Employee Retirement Income Security Act of 1974 ("ERISA"), and the Postal Accountability

23   and Enforcement Act of 2006 (the "PAEA").[1]  For the reasons set forth below, the Court denies

24   ───────────────

25        [1] Plaintiff's complaint also appears to assert claims under the Administrative Procedure
     Act ("APA") and the Federal Tort Claims Act ("FTCA"), although plaintiff has disavowed any
26   such claims in his response to the motion to dismiss.  Plaintiff's Opposition at p. 7 (explaining
     that he is not asserting any tort claims); id. at pp. 5, 7 (noting that he is asserting claims only

27

28   ORDER DENYING MOTION TO AMEND
     AND GRANTING MOTION TO DISMISS - 1

1   plaintiff's motion to amend and grants defendants' motion to dismiss.

2       "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

3   The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue

4   delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d

5   1363, 1370 (9th Cir. 1994).

6       Plaintiff has filed a seventy-five page motion to amend that is rambling and prolix.

7   Plaintiff states that he seeks to amend his complaint to add four individual defendants: John

8   Potter, USPS Postmaster General;[2] Eric Holder, United States Attorney General; Jeffrey

9   Sullivan, United States Attorney for the Western District of Washington; and Don Jacobus, a

10  USPS employee.  Plaintiff also moves to amend his complaint to describe the relevance of the

11  information he seeks pursuant to the FOIA and to clarify his claim that the USPS's "actions to

12  close down and sell Postal Facilities and contracting out the work are unlawful and harming the

13  Public's Interest [sic]."  Motion to Amend at p. 1.

14      The government moved to dismiss this case for lack of subject matter jurisdiction and for

15  failure to state a claim upon which relief can be granted.  Plaintiff bears the burden of

16  establishing that the Court has subject matter jurisdiction.  See, e.g., Stock West, Inc. v.

17  Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  In evaluating a 12(b)(6) motion, the

18  Court must liberally construe the complaint in favor of the plaintiff and take its factual

19  allegations as true.  See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785

20

21  under the FOIA, ERISA, and PAEA).  Even if plaintiff were asserting a FTCA claim, it would
    be subject to dismissal because plaintiff has failed to exhaust his administrative remedies.
22  Plaintiff has not filed a claim with the appropriate federal agency, so this Court lacks subject
23  matter jurisdiction to decide it.  See 28 U.S.C. § 2875(a); Brady v. United States, 211 F.3d 499,
    502 (9th Cir. 2000).  Moreover, the misrepresentation exception to the FTCA bars suits based on
24  negligent and intentional misrepresentations.  United States v. Neustadt, 366 U.S. 696 (1961);
25  see also Green v. United States, 629 F.2d 581, 584-85 (9th Cir. 1980).

26      [2] It is unclear why plaintiff seeks to amend his complaint to add John Potter, who was
27  originally named as the defendant in this case and who remains a defendant.

28  ORDER DENYING MOTION TO AMEND
    AND GRANTING MOTION TO DISMISS - 2

1   (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint,

2   however true, could not raise a claim of entitlement to relief, this basic deficiency should be

3   exposed at the point of minimum expenditure of time and money by the parties and the court."

4   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation

5   omitted).

6   **A.    FOIA Claim.**

7          Plaintiff seeks to compel the production of an approved area mail processing plan.

8   Plaintiff contends that he requested a copy of the plan during a labor/management meeting from

9   Don Jacobus, the Seattle Processing and Distribution Manager, but Jacobus told plaintiff, "You

10  have to talk to my attorney."  Motion to Amend at p. 38.  A party asserting a FOIA claim is

11  required to exhaust administrative remedies prior to seeking judicial review.  See, e.g., In re

12  Steele, 799 F.2d 461, 465 (9th Cir. 1986).  It is not enough to simply ask any government

13  employee for the documents.  Rather, the requester "must request specific information in

14  accordance with published administrative procedures, *see 5 U.S.C. § 552(a)(1), (2) & (3),* and

15  have the request improperly refused before the party can bring a court action under the FOIA."

16  Id. at 466.  Courts lack jurisdiction to hear claims that have not been properly exhausted.  Id.

17  Individuals who seek information from the USPS must follow the procedure set forth in 39

18  C.F.R. § 266.6(a)(1), which includes requesting the document(s) in writing from the custodian

19  of the records or through the office listed in the regulation.  Plaintiff does not allege that he

20  made any written request for the documents he seeks.  Nor has he alleged that Jacobus is the

21  custodian of the records.  Accordingly, plaintiff's request for leave to amend his FOIA claim is

22  denied as futile and the claim is dismissed for lack of jurisdiction.

23         Although plaintiff generally disavows an APA claim, he asserts that the FOIA

24  incorporates the APA, which in turn supports his claim to compel production of an area mail

25  processing plan.  The APA's judicial review provisions apply "except to the extent that . . .

26  statutes preclude judicial review."  5 U.S.C. § 701(a).  The Postal Reorganization Act of 1970

27

28  ORDER DENYING MOTION TO AMEND
    AND GRANTING MOTION TO DISMISS - 3

1  ("PRA") "specifically exempts the Postal Service" from judicial review via an APA claim.

2  Currier v. Henderson, 190 F. Supp. 2d 1221, 1228 (W. D. Wash. 2002); Currier v. Potter, 379

3  F.3d 716, 725 (9th Cir. 2004); see also 39 U.S.C. § 410(a).  Plaintiff has not explained how

4  judicial review is nevertheless appropriate despite those strictures.  Therefore, plaintiff's APA

5  claim is dismissed.

6  **B.    Challenge to USPS Actions.**

7      Plaintiff also challenges the USPS's alleged closure of the Air Mail Center in SeaTac,

8  Washington by claiming that the USPS failed to give proper notice, to hold a public meeting,

9  perform a feasibility study, or have an approved area mail processing plan.  The government

10  counters that plaintiff lacks standing to assert that claim.  Plaintiff cannot establish standing

11  based on his professed general right to be informed or to ensure that the USPS follows the

12  correct procedures.  See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 572-78 (1992);

13  L. Singer & Sons v. Union Pac. R.R. Co., 311 U.S. 295, 303 (1940) (explaining that an injury to

14  an interest in ensuring that the law is obeyed is too abstract to confer standing).  Plaintiff also

15  contends that he has standing because his retirement fund might be impacted by USPS's actions.

16  Specifically, plaintiff argues that the USPS is depleting the retirement fund by permitting other

17  employees to retire and draw retirement pay earlier, "setting the imminent connection that the

18  Postal Service cannot fully fund my retirement as required by law."  Response to Motion to

19  Dismiss at p. 11.  Plaintiff's contention is nothing more than unsupported speculation, which is

20  insufficient to establish standing.  Instead, plaintiff must show a "credible threat" that he will

21  suffer the harm he alleges.  See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 108 (1983);

22  Murphy v. Hunt, 455 U.S. 478, 482 (182) (explaining that a "mere physical or theoretical

23  possibility" that the challenged action will injure plaintiff in the future is insufficient).  In this

24  case, plaintiff's alleged injury is based on future contingencies that may or may not occur,

25  rendering plaintiff's claimed injury too hypothetical to confer standing.  Similarly, plaintiff

26  lacks standing to pursue a claim based on the USPS's alleged use of "false, fictitious, and

27

28  ORDER DENYING MOTION TO AMEND
    AND GRANTING MOTION TO DISMISS - 4

1  fraudulent means to force the early retirement of federal employees." Complaint at p. 36.

2  Plaintiff does not allege that he was forced into early retirement or that he has suffered any other

3  harm that is more than purely speculative.

4        Even if plaintiff had standing to pursue a claim, he has not identified a substantive legal

5  framework to challenge the USPS's actions.[3]  Although plaintiff relies on ERISA, it does not

6  apply to his government plan. 29 U.S.C. § 1003(b)(1); Silvera v. Mutual Life Ins. Co. of N.Y.,

7  884 F.2d 423, 425 (9th Cir. 1989).  To the extent that plaintiff's claim reflects an employment

8  dispute, the PRA establishes procedures for employees to address grievances through their

9  collective bargaining agreements. 39 U.S.C. §§ 1206, 1209.  Plaintiff is not pursuing a claim

10  under those procedures, nor has he shown that he has a private right of action for his labor-

11  related claims.

12        Plaintiff also contends that the PAEA provides a substantive legal framework to

13  challenge the facility closure.[4]  However, in enacting the PAEA, Congress gave jurisdiction to

14  the Postal Regulatory Commission ("PRC") to hear complaints regarding postal rates and

15  services.  The PAEA provides a detailed procedure by which an interested party may lodge a

16  complaint with the PRC. 39 U.S.C. § 3662.  After those procedures have been followed, the

17  party may file a petition for review with the United States Court of Appeals for the District of

18  Columbia. 39 U.S.C. § 3663.  The PAEA provides that district courts have jurisdiction to

19  enforce, and to enjoin and restrain the USPS from violating, any order issued by the PRC.  39

20  _____

21      [3] 39 U.S.C. § 409(a), on which plaintiff relies, "does not confer subject matter

22  jurisdiction."  Janakes v. Postal Serv., 768 F.2d 1091, 1093 (9th Cir. 1985) (internal citation
    omitted).  Rather, plaintiff must assert a substantive legal framework that creates a cause of

23  action.  See, e.g., Peoples Gas, Light & Coke Co. v. Postal Serv., 658 F.2d 1182, 1189-90 (cited
    with approval in Janakes, 768 F.2d at 1093).

24
        [4] Section 401(a) of the PRA broadly provides that the USPS can "sue and be sued."

25  However, a "precisely drawn, detailed statutes pre-empts [sic] more general remedies."  See,

26  e.g., Brown v. GSA, 425 U.S. 820, 834 (1976).  The PAEA is just such a more precisely drawn,
    detailed statute.

27

28  ORDER DENYING MOTION TO AMEND
    AND GRANTING MOTION TO DISMISS - 5

1    U.S.C. § 3664.  Read together, these provisions demonstrate that this Court lacks jurisdiction to

2    consider service-related complaints in the first instance.  Plaintiff's challenge to the alleged

3    closure of the Air Mail Center is a service-related complaint.  As such, the PRC has exclusive

4    jurisdiction over it.  See 39 U.S.C. § 3662; LeMay v. United States Postal Serv., 450 F.3d 797,

5    801 (8th Cir. 2006) (explaining that the PRC has exclusive jurisdiction over complaints about

6    unsatisfactory service); Shelby Res., Inc. v. United States Postal Serv., 619 F. Supp. 1546, 1548-

7    49 (S.D.N.Y. 1985).  Moreover, the PRA provides that any decision to close or consolidate a

8    post office may be appealed to the PRC.  39 U.S.C. §408(d)(5).  Plaintiff has not exhausted his

9    administrative remedies by pursuing a complaint with the PRC.  For all of these reasons, this

10   Court lacks jurisdiction to consider plaintiff's claim related to the alleged closure of the Air Mail

11   Center.

12   **C.    Claims Against Individual Defendants.**

13          It is unclear whether plaintiff seeks to assert claims against individual defendants.

14   Plaintiff's opposition to the motion to dismiss both denies that he is asserting claims against

15   individuals and implies that he is asserting claims against individuals in their "Official

16   Capacity."  Plaintiff's Opposition at pp. 8-9.  None of the employees he has named or seeks to

17   name is an appropriate defendant under the statutes.  5 U.S.C. § 552(f)(1) (in a FOIA claim, the

18   only proper defendants are various government departments, government corporations, and

19   executive branch entities); 28 U.S.C. § 2679(b)(1) (in a FTCA case, the only proper defendant is

20   the United States of America).  Although individuals can be sued for damages under Section

21   1983, plaintiff has not alleged any violation of his constitutional rights.  Accordingly, plaintiff

22   fails to state a claim against the individual defendants and his request to amend is denied as

23   futile.

24          For all of the foregoing reasons, plaintiff's motion to amend (Dkt. #16) is DENIED and

25   defendants' motion to dismiss (Dkt. #15) is GRANTED.  The Clerk of the Court is directed to

26

27

28   ORDER DENYING MOTION TO AMEND
     AND GRANTING MOTION TO DISMISS - 6

1    enter judgment in favor of defendants and against plaintiff.

2

3           DATED this 11th day of September, 2009.

4

5

6                                   *MRS Lasnik*

7                                   Robert S. Lasnik
                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER DENYING MOTION TO AMEND
     AND GRANTING MOTION TO DISMISS - 7